CIT.15277

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **KENTRELL WHEELER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.  4:22-cv-1953** |
| **(1) CALIN MIHUT** | § | **JURY DEMAND** |
| **(2) YELLOW TRUCKING INC.** | § | |
| *Defendants.* | § | |

## DEFENDANT CALIN MIHUT'S
## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant CALIN MIHUT in the above entitled and numbered cause, and files this Notice of Removal of the above-captioned case. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

## I.    BACKGROUND

1. On May 11, 2022, Plaintiff Kentrell Wheeler filed his Original Petition in the 152nd Judicial District Court, Harris County; Cause No. 2022-28172 against Defendants Calin Mihut and Yellow Trucking Inc., alleging negligence against both parties.

2. Plaintiff Kentrell Wheeler is a citizen of the State of Texas.

3. Defendant Calin Mihut is a citizen of the State of Illinois.

4. Defendant Yellow Trucking Inc. is a corporation formed in State of Illinois with its principal place of business in Illinois at 1643 N. Alpine Road, Suite 104, Rockford, IL  61107.

5. Plaintiff's Original Petition, filed contemporaneously herewith, states that the amount of damages sought is more than $250,000.00 but not more than $1,000,000.

**DEFENDANT CALIN MIHUT'S NOTICE OF REMOVAL**                                              **Page 1**

## II.    BASIS FOR REMOVAL

6.  Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of Texas, Defendant Calin Mihut is a citizen of the State of Illinois and Defendant Yellow Trucking Inc. is a corporation formed in the State of Illinois.  Additionally, the amount in controversy exceeds $75,000.

### A.  Complete Diversity Exists.

7.   For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Plaintiff is a person and domiciled in the State of Texas.  Defendant Calin Mihut is a citizen and resident of the State of Illinois.  Defendant Yellow Trucking Inc.is a corportation based out of the State of Illinois.

8.  Because the Plaintiff, Defendants Calin Mihut and Yellow Trucking Inc., do not share in citizenship in any state, removal is proper on diversity grounds.

9.  All Defendants are now, and were at the time of the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332.

10. All Defendants consent to this Removal.

**B.  The Amount in Controversy Exceeds $75,000.**

11. As previously stated, Plaintiff filed his Original Petition on May 11, 2022. Plaintiff identified the amount in controversy to be over $250,000.00 but not more than $1,000,000.

12. Accordingly, Plaintiff seeks damages beyond the threshold amount of $75,000, establishing an amount in controversy over $250,000.00.

13. Accordingly, because this notice of removal has been filed within the time available after Plaintiff provided his Original, providing his claim for relief, this removal is proper and timely under 28 U.S.C. § 1446(b)(3).

14. The United States District Court for the Southern District of Texas, Houston Divison, embraces Harris County, Texas, the place where the state court action was filed and is pending.

15. The live pleadings before the state court are Plaintiff's Original Petition and Defendant Calin Mihut's Original Answer. No other motions are pending before the state court.

16. All pleadings, process, orders served upon Defendants in the state court action are attached to this Notice as Exhibit "A," as required by 28 U.S.C. § 1446(a).

17. Defendant Calin Mihut hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendant CALIN MIHUT, as a party diverse with the Plaintiff, respectfully requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, and for such other and further relief to which he may show himself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P**

/s/ *Daniel M. Karp*
_____

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 [FAX]

**ATTORNEYS FOR DEFENDANT
CALIN MIHUT**

<u>**CERTIFICATE OF SERVICE**</u>

       In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 15th day of June, 2022, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

<u>***Via ECF***</u>

ABRAHAM GARCIA
State Bar No. 24078005
CARLOS A. SALDANA
State Bar No. 24086403
BRANDON A. KINARD
State Bar No. 24079744
KGS Law Group
150 W. Parker Rd., Suite 705-B
Houston, Texas  77076
281-962-7772
281-962-7773 – fax
Email:  kgs@kgslawgroup.com
**ATTORNEYS FOR PLAINTIFF**

                    /s/ *Daniel M. Karp*
                    **DANIEL M. KARP**

5/11/2022 12:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64399598
By: Maria Rodriguez
Filed: 5/11/2022 12:19 PM

*2022-28172 / Court: 152*

## CAUSE NO. _____

| | | |
|---|---|---|
| **KENTRELL WHEELER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **CALIN MIHUT, AND YELLOW** | § | |
| **TRUCKING INC.** | § | |
| *Defendants* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, KENTRELL WHEELER, hereinafter called Plaintiff, complaining of and about CALIN MIHUT AND YELLOW TRUCKING INC., hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.      Plaintiff, KENTRELL WHEELER, is an individual who resides in Harris County and may be contacted through Plaintiff Counsel.

3.      Defendant, CALIN MIHUT, is an Individual who is a resident of Illinois. His home address is known as the following: 10120 Holly Ln., Des Plaines, Illinois 60016. Service of said Defendant can be affected by serving J. Bruce Bugg, Jr. the chairman of the Texas Transportation Commission, at 125 East 11th Street, Austin, Texas 78701, pursuant to Section 17.062(a) of the Texas Civil Practice and Remedies Code.

1

**Exhibit A**

4.      Defendant, YELLOW TRUCKING INC., is a Illinois Corporation and may be served with process with their registered agent, Ramona Stancu at their registered office 1643 N. Alpine Rd., Rockford, Illinois 61107 or wherever the registered agent may be found.

### III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendants have minimum contacts with the State of Texas and have purposefully availed themselves to the laws of the State by driving on Texas roadways.

7.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. RESPONDEAT SUPERIOR/JOINT ENTERPRISE/VICARIOUS LIABILITY FMCSA LIABILITY AND COURSE & SCOPE OF EMPLOYMENT

8.      **YELLOW TRUCKING INC.,** is legally responsible to the Plaintiff for the negligent conduct of **CALIN MIHUT** under the legal doctrines of respondeat superior, agency, and/or ostensible agency, because Defendant, **CALIN MIHUT** was, at all times material to this lawsuit, an agent, ostensible agent, servant, employee of, joint enterprise or independent contractor with **YELLOW TRUCKING INC.** and was acting within the course and scope of such agency or employment at the time of the collision made the basis of this lawsuit. As a result, Defendant, **YELLOW TRUCKING INC.,** is liable for all of the negligent acts committed by Defendant, **CALIN MIHUT.**

9.      At the time of the occurrence in question, Defendant **CALIN MIHUT** was the statutory employee of Defendant **YELLOW TRUCKING INC.** pursuant to Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.5. The Texas Court of Appeals, Fort Worth, in

2

**Exhibit A**

*Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 37-38 (Tex. App.—Ft. Worth 2003, no pet.), noted that with respect to a business affecting interstate commerce, a "motor carrier's liability for equipment and drivers…is not governed by the traditional common-law doctrines of the master-servant relationship and respondeat superior. Instead, an interstate carrier is vicariously liable ***as a matter of law***…for the negligence of its statutory employee drivers [regardless of type]." (Emphasis added).

## V.  FACTS

10.     On or about February 7, 2022, Plaintiff was traveling in Harris County, Texas when Defendants caused a collision with the Plaintiff. As a result of the collision, Plaintiff suffered serious bodily injuries. The 2005 Great Dane Trailers operated by CALIN MIHUT belonged to Defendant YELLOW TRUCKING INC.

## VI.  PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CALIN MIHUT

11.     Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

12.     Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

13.     The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant failed to yield as a person of prudent care would have done;

3

**Exhibit A**

C.   In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

D.   In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

E.   In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

F.   In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

G.   In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

H.   In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

**VII.  DAMAGES FOR PLAINTIFF KENTRELL WHEELER**

14.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KENTRELL WHEELER, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

A.   Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, KENTRELL WHEELER, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Loss of earnings in the past;

4

**Exhibit A**

F.   Loss of earning capacity which will, in all probability, be incurred in the future;

G.   Mental anguish in the past;

H.   Mental anguish in the future;

I.   Physical Impairment in the past; and

J.   Physical Impairment in the future.

### VIII.  DEMAND FOR TRIAL BY JURY

15.   Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### IX.  REQUIRED DISCLOSURE

16.   Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

### X.  PRAYER

17.   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, KENTRELL WHEELER, respectfully prays that the Defendants, CALIN MIHUT and YELLOW TRUCKING INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

### Exhibit A

Respectfully Submitted,

KGS LAW GROUP

By: /s/ Abraham Garcia

Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Brandon A. Kinard
State Bar No. 24079744
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No.  (281) 962-7773
Email: kgs@kgslawgroup.com
ATTORNEYS FOR PLAINTIFF

**TO DEFENDANT:**
**YOU MUST DELIVER THIS IMMEDIATELY**
**TO YOUR INSURANCE COMPANY WHO WAS**
**INSURING THE VEHICLE YOU WERE DRIVING**
**AT THE TIME OF THE ABOVE ACCIDENT.**

6

**Exhibit A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
KGS@KGSLAWGROUP.COM
Envelope ID: 64399598
Status as of 5/11/2022 12:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ABRAHAM GARCIA | | KGS@KGSLAWGROUP.COM | 5/11/2022 12:19:32 PM | SENT |

**Exhibit A**

5/11/2022 12:19:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 64399598
By: RODRIGUEZ, MARIA V
Filed: 5/11/2022 12:19:32 PM



*2022-28172 / Court: 152*

**MARILYN BURGESS**

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _Plaintiff's Original Petition and Request for Disclosure_

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** _Yellow Trucking Inc._

Address of Service: _1643 N. Alpine Rd._

City, State & Zip: _Rockford, Illinois 61107_

Agent (if applicable) _Ramona Stancu_

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper** _____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [x] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _Abraham Garcia_   Bar # or ID _24078005_

Mailing Address: _150 W. Parker Suite 705-B, Houston, TX 77076_

Phone Number: _281-962-7772_

**Exhibit A**

6/14/2022 12:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65423452
By: Adiliani Solis
Filed: 6/14/2022 12:57 PM

CIT.15277

## CAUSE NO. 2022-28172

| | | |
|---|---|---|
| **KENTRELL WHEELER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **152ⁿᵈ JUDICIAL DISTRICT** |
| | § | |
| **CALIN MIHUT, AND YELLOW** | § | |
| **TRUCKING INC.** | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANT CALIN MIHUT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CALIN MIHUT, a named Defendant in the above entitled and numbered cause, and files this his Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendant) denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.      In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demand a trial by jury.  The jury fee is paid with the filing of this Answer.

### III.
### AFFIRMATIVE DEFENSES

3.      Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

## Exhibit A

4.      Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiff, if any, were proximately caused in whole or in part by the conduct of Plaintiff or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that he is entitled to a reduction of damages awarded to the Plaintiff, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.      Defendant affirmatively pleads that he is entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

6.      Defendant would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.      Defendant would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.      Defendant asserts that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.      Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiff.  Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the

Exhibit A

basis of this lawsuit.

10.     Defendant contends that Plaintiff did not use ordinary care in reducing or avoiding his alleged damages, and thus failed to mitigate his damages, if any.

## IV.
## PUNITIVE AND STATUTORY DAMAGES AND FINES

11.     Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiff seeks.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant CALIN MIHUT prays that Plaintiff take nothing by this suit, that Defendant goes hence with his costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show himself justly entitled.

Exhibit A

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

_____

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT
CALIN MIHUT**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 14th day of June 2022.

**Via ECF:**
Abraham Garcia
KGS Law Group
150 W. Parker Road, Suite 705-B
Houston, Texas  77076
281-962-7772
281-962-7773 – fax
kgs@kgslawgroup.com
*Attorneys for Plaintiff*

_____

**DANIEL M. KARP**

**Exhibit A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 65423452
Status as of 6/14/2022 1:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Karp | | dkarp@feesmith.com | 6/14/2022 12:57:55 PM | SENT |
| Campbell A.Colyer | | ccolyer@feesmith.com | 6/14/2022 12:57:55 PM | SENT |
| Christine Aylor | | caylor@feesmith.com | 6/14/2022 12:57:55 PM | SENT |
| ABRAHAM GARCIA | | KGS@KGSLAWGROUP.COM | 6/14/2022 12:57:55 PM | SENT |
| Sheila Daniel | | sdaniel@feesmith.com | 6/14/2022 12:57:55 PM | SENT |

**Exhibit A**

6/14/2022 1:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65423923
By: Terrylaine Cormier
Filed: 6/14/2022 1:06 PM



# FS&S

## Fee, Smith & Sharp LLP

Texas Trial Attorneys

Dallas   Austin   Houston

2777 Allen Parkway   Suite 800   Houston, TX 77019   P 713-362-8300   F 713-362-8302
877-FEESMITH   FeeSmith.com

*Daniel M. Karp*                                                                 *dkarp@feesmith.com*
*972-980-3293 Direct Dial*

June 14, 2022

<u>via e-file</u>
Clerk, 152nd District Court of Harris County
201 Caroline, 11th Floor
Houston, TX  77002

Re:     Cause No. 2022-28172; *Kentrell Wheeler v. Calin Mihut, and Yellow Trucking Inc.;*
        In the 152nd District Court of Harris County, Harris County, Texas
        Our File No.:  CIT.15277

Dear Clerk:

Please let this serve as my 2022 vacation letter for the following dates:

            June 13 through 17
            June 20 through 21 and
            July 5 through 8

I respectfully request that the Court and all counsel not set any trial, hearings, or any other pre-trial matters on these dates.

Should you have any questions or concerns, please feel free to call.

Very truly yours,

**FEE, SMITH & SHARP, L.L.P.**

**DANIEL M. KARP**
Senior Partner

DMK/sad
*cc:     All Attorneys of Record – via ECF*

**Exhibit A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 65423923
Status as of 6/14/2022 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Karp | | dkarp@feesmith.com | 6/14/2022 1:06:28 PM | SENT |
| Campbell A.Colyer | | ccolyer@feesmith.com | 6/14/2022 1:06:28 PM | SENT |
| Katherine Villegas | | kvillegas@feesmith.com | 6/14/2022 1:06:28 PM | SENT |
| ABRAHAM GARCIA | | KGS@KGSLAWGROUP.COM | 6/14/2022 1:06:28 PM | SENT |
| Sheila Daniel | | sdaniel@feesmith.com | 6/14/2022 1:06:28 PM | SENT |
| Kourtney Mouton | | kmouton@feesmith.com | 6/14/2022 1:06:28 PM | SENT |

**Exhibit A**